McCurdy, J.
It is the humane purpose of our law in relation to the support of paupers, to prevent as far as possible any person, under any circumstances, from suffering for the neces ” *210 saries of life. For the supplies which are required to be furnished, the ultimate liability rests upon different parties—town, state, or relatives—according to the facts in each particular case. But to avoid delays which might be fatal, the duty of making immediate provision is devolved upon thé selectmen of towns. To ensure the performance of this duty, the statute enacts, that “ it shall be the duty of the selectmen of every town whenever a person not an inhabitant of such town, residing therein, shall become poor and unable to support himself, to furnish such pauper such support as may be necessary,” &c., under a penalty of seven dollars. The decision of the case turns on the meaning of the word “ residing.” It is claimed that the term imports, not a mere stopping and being in a place, but “abiding in it for some continuance of time.” ■
Such undoubtedly is a common understanding of the expression. But the meaning in this instance is to be gathered from the manifest intention of the law. As before stated, the object is to afford immediate relief, without waiting to settle the point of final responsibility. If the word means in this [ *257 ] *case “ some continuance of time,” the question arises, how long is that—who is to decide the statutory length —and, in the interval, is the sufferer to be left to die in the street ?
The 17th section provides that, “ whenever a pauper, not an inhabitant of the town where he resides, shall die, it shall be the duty of the selectmen of the town to give said pauper a decent burial,” &c. Now if the selectmen are required to bury a deceased pauper only in case he may have been abiding in the town some continuance of time, what is to become of the body of one who may have died soon after his arrival? There can, we think, be no doubt that, in the language of Judge Ellsworth in the case of New Milford v. Sherman, (21 Conn., 116,) “ being in the town, and in necessitous circumstances, is a residing therein, within the meaning of the law.
The subsequent sections of the statute referred to by the defendant’s counsel do not seem to affect the question.
We advise judgment for the plaintiff.
In this opinion the othei judges concurred.
Judgment for plaintiff advised.