CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ERRORS

OF THE

# STATE OF CONNECTICUT.

THE CONNECTICUT HOSPITAL FOR THE INSANE *vs.* THE TOWN OF BROOKFIELD.

First Judicial District, Hartford, January Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A pauper who is found in a town in a condition of insanity, *resides* there for the time being, within the meaning of the General Statutes, § 487; but such town is not necessarily chargeable with his support in favor of the Connecticut Hospital for the Insane, because the commitment to the hospital may be made upon the application of its selectman.

Statements in such an application as to the residence of the pauper, are proper evidence against the town in favor of the hospital, as tending to show it to be the town in which the pauper was at the time of the application.

Payment by such town to the hospital for the pauper's support for a time after his commitment, is in the nature of an implied admission that there was a legal obligation to pay, and therefore some evidence in a suit by the hospital against the town for support subsequently furnished.

An allegation as to such a partial payment having been made in the complaint and admitted, the extent of the admission cannot be confined, on appeal, to the truth of the allegation as fixing the date from which the demand in suit began to accrue, unless a request for such limitation was made in the court below.

An admission in an answer of what is properly pleaded for a certain purpose does not admit it for another purpose for which it could not be properly pleaded.

An admission in pleading carries with it such additional or incidental probative force, as the fact thus admitted would be entitled to had it been established by evidence.

An allegation that the defendant is "legally chargeable" for the support of a pauper, is a mere conclusion of law, and of no avail unless borne out by other averments of fact.

[Argued January 5th—decided March 3d, 1897.]

ACTION to recover for the support of a pauper claimed to be legally chargeable to the defendant town, brought to the Superior Court in Middlesex County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The town of Bridgewater was also a party defendant, but obtained judgment in its favor upon demurrer to the complaint.

The material allegations in the complaint, as to the town of Brookfield, were that Winifred Hall had been committed to the hospital on June 1st, 1886, as an insane pauper, by the Court of Probate for the district of Brookfield, on proceedings, a copy of which was made an exhibit, and had ever since been supported there; that she resided in the town of Bridgewater until about a month before her commitment; that the town of Brookfield had paid for her support in full up to July 1st, 1887, and had refused to make any payments thereafter, under the claim that she belonged to Bridgewater; that the town of Bridgewater was legally chargeable with her support; and that the town of Brookfield was legally chargeable with her support. The last allegation was denied and the others admitted by the answer.

The commitment was on an application signed by " David H. Meeker, Selectman," and alleged that " Winifred Hall of the town of Brookfield " is insane " and is now a pauper having no residence in this State, but at present located in the town of Brookfield." The Court of Probate found the allegations of the application true, and ordered that she be taken " by the said David H. Meeker, selectman, without delay, to the Connecticut Hospital for the Insane."

On the trial it was admitted that the pauper had been in the hospital ever since her commitment, and that, at $2.50 a week, her board since July 1st, 1887, amounted to $410 ; and

that Meeker, when he applied for her commitment, was the first selectman of Brookfield.

No evidence (apart from such admissions) was offered in proof or disproof of the allegation that the town of Brookfield was legally chargeable with her support.

The defendant claimed, as matter of law, that the plaintiff could not recover without further proof of such allegation, but the court overruled the claim, and this ruling was assigned for error.

*Lyman D. Brewster* and *Howard B. Scott*, for the appellant (defendant).

*Charles H. Briscoe*, with whom was *Henry E. Burton*, for the appellee (plaintiff).

BALDWIN, J.   General Statutes, § 487, provides that when any pauper in any town shall be insane, a selectman of such town may apply to the Court of Probate of the district wherein such pauper resides, for his commitment to the State Hospital for the Insane, and that, if so committed, $2.50 a week, of the expense of his support, shall be paid by the town legally chargeable with his support.

Any pauper who is found in any town in a state of insanity is thus made a proper subject of such an application by a selectman of that town.   It is of no consequence whether he has been there an hour or a year.   If he be, in fact, in the town, in a state of insanity, he resides there for the time being, within the meaning of the statute.   The object of the proceeding is to put the pauper, as soon as possible, into a hospital where he can secure proper care and treatment.   The humane purpose of the legislature might often be defeated, if only a selectman of that town, perhaps a distant one, where the pauper statedly resided, or to which he was legally chargeable as a settled inhabitant, could act.   *Trumbull* v. *Moss*, 28 Conn. 253, 256; *Welton* v. *Wolcott*, 45 id. 329, 330.

The town of Brookfield, therefore, was not necessarily under any liability to the plaintiff because the pauper was committed on the application of its first selectman.

It was, however, admitted by the answer that this town had paid for the support of the pauper in question for more than a year after her commitment.  An admission in plead-ing dispenses with proof, and is equivalent to proof.  The fact thus admitted had a probative force in tending to show a further admission.  Such payment by the town was an act in the nature of an implied admission that it was under an obligation to make it, that is, that it was legally chargeable in favor of the plaintiff for the pauper's support, which was the sole matter put in issue under the pleadings.  *Sharon* v. *Salisbury*, 29 Conn. 113, 116.  The plaintiff was entitled to the benefit of this implication on the trial in the Superior Court, and it furnished some evidence in support of its claim to recover against the town of Brookfield.  No evidence to the contrary was adduced.  The complaint indeed stated and the answer admitted that the pauper had resided in the town of Bridgewater until about a month before her commitment, and that Bridgewater was legally chargeable with her sup-port at the hospital.  But her mere residence in that town at a former period, without more, was insufficient to show that she was so chargeable to it; and the paragraph alleging that she was so chargeable was only the statement of a legal conclusion, which amounted to nothing, unless supported by other averments of fact.

The defendant treated both that and the similar allegation as to the town of Brookfield, as setting out matter of fact, by admitting the former and denying the latter, and has called our attention, in justification of its taking this ground, to Form 247 in the Practice Book, page 143.  That form is for a complaint by one town against another for reimbursement for expenses incurred in the support of a pauper, while charge-able in the plaintiff town, and one of the paragraphs is that he "belonged to" the defendant town.  No one "belongs" to a town who is not one of its settled inhabitants.  *Columbia* v. *Williams*, 3 Conn. 467, 471.  The word is descriptive of a *status*, and as in the case of infancy, coverture, or citizenship, it is a question of fact what is the *status*, in any such respect, of a particular individual.  But an averment that support

furnished to a pauper under certain circumstances is legally chargeable to a certain town, does not purport to describe his *status*. It simply alleges the law to be so that a certain account can be recovered of a certain party.

The Practice Act provides that pleadings shall set forth facts, but not the evidence by which they are to be proved. General Statutes, § 880. The plaintiff's averment that the town of Brookfield had paid for the pauper's support from June 1st, 1886, to June 1st, 1887, was proper as showing the date from which the demand in suit began to accrue; but it would not have been proper to set this out as a piece of evidence, from which an admission of liability for her further support might be inferred. The defendant contends that the effect of its admission of the truth of this averment ought to be confined to its truth as fixing the date of the first item of the plaintiff's account. Had this claim been made in the trial court, it would, no doubt, have been sustained. An admission in an answer of what is properly pleaded for a certain purpose does not admit it for another purpose for which it could not be properly pleaded. But as the Superior Court was not asked to limit thus the effect of the admission, error cannot be assigned on account of its omission to do so, or of its action in drawing any proper inferences from it.

For similar reasons, the Superior Court had also before it for all purposes for which, if offered in evidence, it would have been admissible, the record of the proceedings before the Court of Probate. The application, it was admitted, was signed by the first selectman of the town. His statement in the application that Winifred Hall was then "of the town of Brookfield," and an insane pauper "having no residence in this State, but at present located in the town of Brookfield," was the statement of an officer of the town, as such, in a judicial proceeding, made in the discharge of an official duty, and describing to the court, in a paper in which he was bound to give some such description, the circumstances out of which the duty arose, and by reason of which the jurisdiction of the court attached. As such, it was proper evidence against the town in this action, as tending to show it to be

the town in which the pauper was at the time of the application.

The defendant insists that as it denied that her support was legally chargeable to it, this must be taken as denying all inferences to the contrary that might be drawn from the admissions in its answer, because its pleading must be taken as a whole, and "denials in an answer must be taken as true, when the case is heard on petition and answer." There is nothing in this claim. Each paragraph in an answer must have its natural and separate force; nor was the present case heard on the complaint and answer alone. The trial was one upon which either party was at liberty to offer whatever evidence it pleased, although in fact the admissions of the defendant made it unnecessary for the plaintiff to produce any.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.