JAMES FERGUSON *vs.* THOMAS D. ROCHFORD, EXECUTOR.

Third Judicial District, New Haven, January Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Statements of fact which are evidential merely have no place in a finding.

General Statutes, § 388, prescribes that the widow shall "maintain" and "keep in repair" the buildings set out to her for her dower. *Held* that the obligation imposed by these expressions, which were synonymous, was not "to provide or construct," but to keep up the buildings and not suffer them to fail or decline.

There is no absolute rule as to what constitutes waste, either at common law or under this statute. Much must depend upon the character of the building, its age, its location for the business to which it is adapted, the extent of the acts committed or allowed, and their effect upon the property. In short, the circumstances to be taken into account are so various that the question presented is ordinarily to be determined as one of fact.

A failure to repaper and repaint the interior of a building, if reasonably required, will render the widow liable in an action under the statute.

Evidence is admissible to show that the widow during her occupancy of the property entertained feelings of ill will and hostility to the remainderman or reversioner.

In explanation of such ill will the defendant should ordinarily be permitted to show when and how it arose, but the enquiry may be of so little consequence that its exclusion, if erroneous, is harmless.

An admission by a defendant executor in his answer, that the plaintiff had duly exhibited his claim for damages, dispenses with proof of that fact. Nor is the plaintiff, in such case, limited to the recovery of nominal damages merely because he did not offer evidence as to the amount of the claim which he presented to the executor.

Testimony as to what the property would have brought had it been rented, or as to whether certain partitions which were removed were temporary or not, is not admissible unless the witness is shown to be qualified to speak upon that subject.

The exclusion of the opinion of a nonexpert witness who has stated all the facts, is harmless.

It is not necessarily and as matter of law incumbent upon the trial judge to fix an exact amount in dollars and cents for each item which enters into the general sum allowed by him as damages for waste; and unless it is apparent that his discretion has been abused, a motion to make the finding more explicit in this respect will be denied.

Argued January 19th—decided March 8th, 1911.

ACTION to recover damages for waste, brought to and tried by the Superior Court in New Haven County, *Williams, J.;* facts found and judgment rendered for the plaintiff for $850, and appeal by the defendant. *No error.*

*Henry G. Newton* and *Charles F. Clarke*, for the appellant (defendant).

*Howard C. Webb* and *William B. Ely*, for the appellee (plaintiff).

RORABACK, J.   The appellant, in conformity with the rules of this court (Practice Book, 1908, p. 270, § 14), has made an application to rectify the appeal.

Paragraphs one, four, five and six of the application, which were admitted by the appellee, are allowed. Paragraph two of the application contains merely evidential facts which have no place in a finding, and for this reason this paragraph is denied.   Paragraph three of the application was abandoned in argument.   The facts set forth in the paragraphs allowed, so far as they have any bearing upon the questions presented by the appeal, have been considered by us in connection with the finding made by the Superior Court.

It appears that Margaret Sackett, late of the town of Hamden, in New Haven county, during her lifetime occupied certain lands and buildings known as the

Centerville hotel property. This property in 1897 was assigned to Mrs. Sackett as dower. The fee in this real estate is vested in the plaintiff as the remainderman or reversioner. The defendant, Thomas D. Rochford, is the executor of the last will and testament of Mrs. Sackett, who died in 1909.

The plaintiff alleges in his complaint, and the trial court has found, that Mrs. Sackett during her occupancy of this property maliciously and wilfully violated her statutory duty in not maintaining and keeping in repair the hotel buildings standing upon this property. Various acts of waste were alleged and considered by the trial court; one being the removal of certain partitions in the hotel upon this property, and another, a failure to paint and paper the inside of the building.

It is urged upon the part of the defendant that Mrs. Sackett was under no obligation to paint or paper the interior of this house, by reason of the provisions of the statute relating to this subject. Section 388 of the General Statutes provides, among other things, "that every widow shall maintain and keep in repair the buildings, fences, and lands set out to her for her dower." The word "maintain" as used in this statute does not mean "to provide or construct," but means "to keep up, not to suffer to fail or decline." Webster's New International Dictionary. "Keep in repair" should be construed as synonymous with the word "maintain" as used in this statute, there being a mere change of diction in the use of these expressions, and not a difference in meaning. In this case, as in an action for waste under the common law, there can be no absolute rule as to what shall constitute a want of substantial repair under all conditions. This depends upon the character of the building, its age, its location for the business to which it is adapted, the extent of the acts committed or allowed, and their effect upon the prop-

erty in question.  The circumstances to be taken into account are so various that the case is one which raises a question of fact.  *Keeler* v. *Eastman,* 11 Vt. 293.  In McAdam on Landlord & Tenant, Vol. 2, p. 1311, it is said that "an agreement by a tenant that he will keep and leave the demised premises 'in good and tenantable repair' obliges him to keep and leave the premises in such repair as, taking into consideration the age, character and locality, would make them reasonably fit for the occupation of a reasonably-minded tenant of the class that would be likely to want such premises. Whether the tenant is bound, under such an agreement, to repaint and repaper the premises, depends upon whether the paint and paper are in such a bad state that no reasonably-minded tenant would take the premises as they are."  "The life tenant is bound to keep the premises in as good repair as they were when he took them, not excepting ordinary or natural wear and tear; if a new roof is needed, he is bound to put it on; if paint wears off, he is bound to repaint."  *In the Matter of Steele,* 19 N. J. Eq. 120.

The record discloses no error in the conclusions of the trial court upon the question of papering and painting the interior of the house.

The Superior Court was right in allowing evidence tending to show that Mrs. Sackett during her occupancy of this property entertained feelings of ill will against the plaintiff.  The plaintiff alleged in his complaint that these acts of waste were caused and permitted by Mrs. Sackett in consequence of her ill will toward him.  Evidence of hostility on her part toward him would tend to show the probability of the plaintiff's claim as to her conduct.  *Spencer's Appeal,* 77 Conn. 638, 639, 641, 60 Atl. 289.

The record discloses that there is no foundation for the claim that punitive damages were allowed.

It is alleged in the complaint that within the time allowed by the Court of Probate for the presentation of claims, the plaintiff presented to Thomas D. Rochford, the executor, a claim against the estate, duly subscribed and sworn to, for the damages to the plaintiff's property occasioned by the acts and conduct of Mrs. Sackett; and that thereafter Thomas D. Rochford, executor, notified the plaintiff in writing that the claim so presented was disallowed by him as executor, and he refused to pay the same.

These allegations were admitted in the answer. It does not appear that there was any contention upon this branch of the case until argument, when the defendant claimed, as he now contends, that the plaintiff offered no evidence as to the amount of the claim which he presented to the defendant, and that for this reason the plaintiff cannot recover more than nominal damages. This claim is entirely too technical, and very little need be said in relation to it.

The language of our statute upon the subject of presentation of claims to an executor or administrator is that the creditor shall exhibit his claim. General Statutes, § 326. The defendant by his answer admits that this has been done. This admission dispenses with proof, and is equivalent to proof. *Connecticut Hospital for Insane* v. *Brookfield*, 69 Conn. 1, 4, 36 Atl. 1017.

If the defendant wished to make the claim that the plaintiff is now attempting to recover more than the amount which he presented to the defendant as executor of Mrs. Sackett's estate, he should have distinctly raised this question in the court below.

Evidence that there had been a depreciation of the property in question during Mrs. Sackett's occupation of it could not be properly excluded.

Complaint is made by the defendant as to the exclusion of certain evidence as to the time and cause of

the trouble between the plaintiff and the decedent, Mrs. Sackett. The reason for the exclusion of this evidence is not apparent from the record. The plaintiff alleged in his complaint, and the court in substance has found, that the acts and conduct of Mrs. Sackett were malicious and for the purpose of injuring the plaintiff's property. It seems that the defendant might have been allowed to show what the trouble was and when it began in explanation of this claim. But a careful examination of the whole case leads us to believe that no substantial weight could reasonably have been given to this evidence, if it had been admitted. This ruling, even if deemed to be erroneous, could have no appreciable effect upon the result. *Case* v. *Clark*, 83 Conn. 183, 195, 76 Atl. 518.

The following evidence was properly excluded: "What amount per month, in your judgment, could have been secured for rent for that property, if it had been rented during the last dozen years?" It does not appear that the witness to whom this question was propounded was qualified to give any information upon the subject of the rental of the Centerville property.

The complaint is for certain specific acts of waste alleged to have been caused and allowed by Mrs. Sackett. In this connection the finding, as amended by a memorandum of decision, is in strict conformity with the allegations of the complaint. A motion to make the finding more explicit by fixing an exact amount in dollars to each item which entered into the general sum allowed for damages was denied. The motion simply asked that the court make its finding more specific as just suggested. The trial judge denied this motion. It is not apparent that in so doing he abused the discretion vested in him.

A witness called by the defense testified as to the taking down of the partitions of certain rooms which

were made into a hall upon the second floor of the hotel building, and that these partitions consisted of two by four inch studding, which were lathed and plastered upon both sides. There was no error in excluding the opinion of the witness "that these partitions were temporary." If it be assumed that the situation described by the witness were such as to allow expert testimony, it does not appear that this witness possessed any peculiar knowledge and experience to express an opinion upon the subject-matter mentioned in the inquiry. Regarding this witness as a nonexpert, the defendant was not injured by this ruling of the court, as he had fully stated the facts. *Barber* v. *Manchester*, 72 Conn. 675, 684, 45 Atl. 1014.

There is no error.

In this opinion the other judges concurred.