ADRIAN A. ANDERSON ET AL. *v.* FRANK BRADLEY, JR., ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 1929
AT STAMFORD

Memorandum filed October 14, 1961

*Keogh & Candee,* of Norwalk, for the plaintiffs.

*Cummings & Lockwood,* of Stamford, for the defendants.

DEVLIN, J. On May 1, 1952, the defendants purchased property located on Canon Street in the town of Norwalk, the deed for which contained the following covenant: "Said premises are subject to the agreement and restriction that the owners, their heirs and assigns, shall keep and maintain the dam and pond on said premises at the height required,

for the benefit of the remaining premises of the Estate of Albert A. Betts or the assigns of said Estate, and the premises of other owners of adjoining property." Previous transfers of the property contained the same covenant, and there was evidence the dam was constructed in the last century.

As a result of the floods of October, 1955, the dam was destroyed, and the plaintiffs in this action are seeking a decree that the defendants be ordered to rebuild the dam to its former height and restore the pond to its former condition, and for damages for the depreciation in the value of the property by reason of the absence of the pond. Defendants contend, aside from other claims, that the covenant is void because it is uncertain, vague and indefinite of performance; that destruction of the dam by an act of God relieved them of any obligation under the covenant; and that destruction of the dam by the floods has rendered impossible any performance of the covenant.

Construing the covenant, it called for the keeping and maintaining of both the dam and the pond "at the height required." While the physical setup of the dam would not present a problem, in dealing with the pond, the construction called for by the plaintiffs would require that the defendants see to it that there was sufficient water in the pond at all times. How this was to be accomplished or at what level the water was to be maintained is not stated. Since the defendants did not acquire the property until 1952, the plaintiffs claim it should be interpreted as meaning that the pond should be kept at its normal level as of that date. Even assuming such a construction, the "height required" was to be for the benefit of the remaining premises of the estate of Albert A. Betts and the premises of "other owners of adjoining property." As of the date of trial, the properties of at least eight persons were involved. As between

them, who was to determine the norm or standard by which the required height was to be measured? The fact that at least all of these property owners would have a veto power over any action taken by the defendants under the language of the covenant makes it too uncertain, vague and indefinite to permit of enforcement. 17A Am. Jur. 639, § 29. And restrictive covenants, being in derogation of the common-law right to use land for all lawful purposes, are to be narrowly construed and are not to be extended by implication. If the language is of doubtful meaning, it will be construed against rather than in favor of the covenant. *Neptune Park Assn.* v. *Steinberg,* 138 Conn. 357, 361.

It is also claimed that the words "keep" and "maintain" are all inclusive and imply a duty to reconstruct, rebuild and restore. As generally used, the words are synonymous and import the idea of holding or preserving something in any particular state or condition. They involve the continuing existence of the status quo. 26 Words & Phrases 68-72; 51 C.J.S. 425; *Wolfmeyer* v. *Otis Elevator Co.,* 262 S.W.2d 18, 23 (Mo.). The covenant merely guards against the defendants' taking any action in destroying the dam and prevents them from permitting it to gradually deteriorate. *Ferguson* v. *Rochford,* 84 Conn. 202, 204. Not only is the covenant uncertain, vague and indefinite of performance but also the attempt to stretch the meaning of the words to cover rebuilding and restoration is unwarranted upon the evidence presented.

It is conceded that the dam was destroyed by the floods of October, 1955, and there is sufficient expert testimony to support a finding that the floods constituted an act of God. While as a general rule, this does not operate to relieve one of obligations assumed under a contract because had the parties intended this to follow they could have provided

against it when the original agreement was drawn, the same reasoning does not apply when a covenant is involved, since the subsequent purchaser was not a party and had no voice in its framing. *Rossini* v. *Freeman,* 136 Conn. 321, 324. In the absence of a showing of some breach or negligence on the part of the property owner, an act of God is sufficient to relieve the defendants of liability. *Krupa* v. *Farmington River Power Co.,* 147 Conn. 153, 158.

Under the present law, all dams are placed under the jurisdiction of the water resources commission; General Statutes § 25-110; permits for construction or alteration must be secured; § 25-112; and final approval must be certificated. § 25-114. Several plans were submitted by the defendants, and subsequently final approval was secured. The authorized construction, however, bore very little resemblance to the dam that had existed prior to the floods. Furthermore, while the expense of rebuilding the old dam could have been met by the defendants, the cost of the required replacement was prohibitive. There is no evidence to support a finding that this change in conditions or in the law governing them was within the contemplation of the original framers of the covenant or subsequent purchasers. Where parties from the beginning must have known or should reasonably assume that the agreement or contract could not be fulfilled unless some particular thing or condition of things continued to exist, the contract is subject to the implied condition that the parties shall be excused in case performance becomes impossible by cessation of existence without fault of either one. *Straus* v. *Kazemekas,* 100 Conn. 581, 591; *Anderson* v. *Yaworski,* 120 Conn. 390, 396; 17 C.J.S. 956, § 464.

The plaintiffs have failed to sustain their burden of proof with the more credible evidence, and judgment may enter for the defendants.