[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is an action against a life tenant for failure to make necessary repairs and to keep the property in good and habitable condition thereby committing a breach of the conditions of the life tenancy.
The defendant life tenant, Charlene Roberts, received a life tenancy in property located at 278 Jericho Road, Pomfret Center, Connecticut by CT Page 8718 conveyance dated September 15, 1983 by the grantor, Kipp H. McLeod. The life tenancy was expressly conditioned on the tenant personally occupying the residence at least ten months each year, that the life tenant pay the taxes when due, make repairs inside and out, keep the property painted, maintain the building in good condition and insure the property for full market value naming the remainder man as loss payee for its interest.
The grantor died December 24, 1994 and the plaintiff inherited her remainder interest as the McLeod Realty Trust.
The evidence produced at trial indicated the premises is a converted school building over 200 years old. The building and the estate as a whole was inherited by Mr. William McLeod who was the father of the grantor, Kipp H. McLeod. William renovated the schoolhouse and gave a life estate to the grandparents of Rick Racicot, who lived there until 1980. Mr. Rick Racicot lived on the premises from 1973 to 1975 and then moved to 254 Jericho Road, Pomfret Center, Connecticut.
Between 1980 and 1983, the premises were vacant and began to deteriorate. Between 1980 and 1983, Kipp McLeod moved to 254 Jericho Road and Rick Racicot ceased being caretaker of the properties. The premises at 278 Jericho Road fell into disrepair. There was broken glass, door windows were broken, the water pipes were frozen and there was no running water and no conventional heating system.
In 1983, the premises was transferred to the present life tenant who began repairs to the premises and only occupied them approximately six or more months after substantial repair was made. The portion of the building depicted in Exhibit D-5 was constructed by the life tenant as an addition. The doorway depicted at D-4 was constructed at a location where there once was a window and the life tenant constructed an entryway. In addition, a heating system was installed along with repair of the plumbing. The addition constructed to the rear of the building which is referred to at Exhibit B-10 was constructed by the life tenant as an addition and did not exist from 1973 to 1975.
Plaintiff complains that despite repeated requests to repair the premises, the life tenant has failed to make the necessary repairs to keep the premises in compliance with paragraph 2 of the deed for life estate, Exhibit A, which states that the life tenant will make all necessary repairs to the residence both inside and outside of said building and keep it painted in order to maintain said building in good condition.
Plaintiff relies on the testimony of Thomas K. Morgan who was qualified as a certified home inspector doing business as Sound Home Inspections, Inc. He testified that he performed a visual and physical exterior CT Page 8719 inspection of the premises in question and reached the conclusion that rot and water damage was occurring on the premises as evidenced by plaintiff's Exhibits D-1 through D-7 and Plaintiff's Exhibits B-1 through B-12.
Mr. Morgan further testified that in his opinion the supporting structure weight-bearing beams were subject to dry rot and that in his opinion, the condition of the premises had gone beyond the necessity of repair and required complete restoration (Transcript page 28) and would cost approximately twenty thousand to twenty-five thousand dollars.
The restoration required would go well beyond the basic maintenance repair. Plaintiff's Exhibit E was introduced to establish the fact that the condition of the premises on external inspection required significant restoration efforts. The structure not being properly repaired actually requires extensive rebuilding by qualified contractors.
Plaintiff's expert has indicated that due to the age of the building and the condition of the building, in his opinion, the subject is in need of more than basic repair. The house needs major restoration. Defendant Roberts testified that at the time of the grant of the life estate, the property was not habitable. The defendant spent six months of work to render the premises suitable to live in. Over a period of years, the defendant installed a new water tank and a new furnace and boiler. In the bathroom the defendant installed a new sink, toilet and vanity. New kitchen cabinets were also installed and in 1995, a new roof was put on the house. In 1996, new insulation and new ceilings were put into the house and in 1998, new waterlines were put in the residence. Although water damage had occurred, that was repaired. Exhibits 2-A through 2-H show substantial interior improvements.
The testimony of the defendant and the other witnesses indicated that portions of the existing structure, an addition had been added. (Defendant's Exhibit D-5). An entrance door was installed (Defendant's Exhibit D-4). The portion of the building (Defendant's Exhibit C-1) was added by the life tenant after occupying the property. The interior has been extensively rehabilitated and numerous fixtures and amenities added. The law concerning the care due and prohibition against committing waste by a life tenant is set forth in Ferguson v. Rochford, 84 Conn. 202
and further explained in Zauner v. Brewer, 220 Conn. 176, 185.
In the present case, the life tenant has expended substantial sums of money and made significant repairs.
The C Pike Construction report (Defendant's Exhibit 3) indicates roofing is in good condition and overall expenses for the repairs CT Page 8720 required to be nominal. Plaintiff's expert from an external inspection maintains the house in question requires a complete restoration, which would require a complete dismantling of the structure. The court is unconvinced. The court finds that the renovations and repairs have been made on an as need basis.
The court finds substantial improvements have been made and the defendant has complied with the terms of the life estate. The court finds the plaintiff has failed to prove by a preponderance of the evidence that the life tenant has failed to make the necessary repairs.
Judgment is in favor of the defendant.
 ___________________ J. Kocay, J.