KENT *against* The inhabitants of CHAPLIN.

To enable an individual, who has furnished supplies to a pauper belonging to one town, and residing in another, in this state, to recover for such supplies, against the former town, it is indispensably necessary, that he should have given notice to one of the select-men of the latter town, of the condition of such pauper. Therefore, where an inhabitant of the town of *C.*, confined in gaol for debt, in the town of *T.*, needed relief, and was supplied by the gaoler, who gave notice of the pauper's condition, and presented a bill of his expenditures, to the select-men of *C.*, but neglected to give such notice to either of the select-men of *T.*; in an action brought by the gaoler, against the town of *C.*, for the supplies so furnished, it was held, that the plaintiff was not entitled to recover.

This was an action of *assumpsit* for money expended in the support of a pauper; and was tried at *Tolland, December* term, 1824, before *Peters,* J.

The declaration stated, that on the 4th day of *December*, 1823, by virtue of an execution for debt, *Samuel Baldwin,* an inhabitant of *Chaplin,* was committed to the common gaol in *Tolland,* in the county of *Tolland,* whereof the plaintiff was keeper, and was therein confined until the 10th of *August,* 1824, but neglected to take the oath by law provided for poor imprisoned debtors; that during the whole of said time, said *Baldwin* was destitute of property, and in need of relief; that the plaintiff expended in his necessary support, the sum of 80 dollars, and gave the defendants notice of his situation as soon as the place of his settlement could be ascertained, *viz.* on the 1st of *April,* 1824 ; and that, on the 9th of *August,* 1824, the plaintiff presented to the select-men of *Chaplin* a bill of his expenditures.

Upon the trial of this cause, it was proved and admitted, that the facts alleged in the declaration were true. It was also admitted, that the plaintiff did not give notice to any one of the select-men of the town of *Tolland* of the condition of said *Bald-*

*win,* during his imprisonment. The judge thereupon directed <span style="float:right">*Middlesex,*<br>July,<br>1825.</span> the jury to find a verdict for the defendants. The plaintiff moved for a new trial for a misdirection; and the question arising on such motion was reserved for the advice of this Court.

Kent<br><i>v.</i><br>Chaplin.

The case was submitted without argument.

PETERS, J. Previous to the revision of the statutes, in 1821, it was repeatedly decided, by the superior court, that whenever a person stood in need of relief, and was neglected by the select-men of the town, where the pauper resided, an individual might furnish such relief, and charge the town where such pauper resided, or was settled; and, if remuneration was refused, on proving, to the satisfaction of the court, that the relief furnished was necessary and proper, he was entitled to recover. (*a*) But inconveniences arising from this practice, the legislature, in *May,* 1821, as well to remove the necessity of individual interference, as to ensure proper relief to persons in need, by defining more precisely the duties and liabilities of select-men, provided, that " all poor and impotent persons, who have not estate sufficient for their support, and have no relations of sufficient ability, who are obliged by law to support them, shall be provided for and supported, at the expense of the town where they belong:" And that " no individual shall have any demand against a town for supplies or assistance, furnished to a pauper, against the express direction of the select-men, nor before he has given notice to one of the select-men of the town where the pauper resides, of the condition of such pauper." It was further provided, that " it shall be the duty of the select-men of every town, whenever a person, not an inhabitant of such town, residing therein, shall become poor and unable to support him or her self, to furnish such pauper such support as may be necessary, as soon as the condition of such pauper shall come to their knowledge; and each select-man neglecting such duty, shall forfeit the sum of seven dollars, to him who shall prosecute for the same to effect." *Stat.* 370. *tit.* 7. *c.* 1. *s.* 2. 4. 5. As the pauper resided in *Tolland,* when relieved, by the plaintiff; as he neglected to give notice to any one of the select-

(*a*) *Andrus* v. *Glastenbury,* Tolland county, *February* term, 1800. *Chapman* v. *Somers,* Tolland county, *December* term, 1803.

*Middlesex,*
July,
1825.

Kent
*v.*
Chaplin.

men of that town, of the condition of the pauper; the claim of the plaintiff is groundless, and the direction of the judge was correct.

I do not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.