### WILLIAM C. WILE *vs.* THE TOWN OF SOUTHBURY.

The statute (Gen. Statutes, tit. 15, chap. 2, part 1, sec. 4,) provides that "no individual shall have any claim against a town for assistance furnished to a pauper before he has given notice of the condition of such pauper to one of the selectmen of the town where the pauper resides." A physician attending upon a pauper, called at the house of one of the selectmen to give him notice of the pauper's condition and of his professional attendance upon him, but not finding him at home, stated the facts to his wife and son who were there, telling them that he had called for the purpose of notifying the selectman, and that he should look to the town for compensation ; which information they on the same day conveyed to the selectman. · Held to be a sufficient notice under the statute.

The wife and son might be regarded as messengers employed to convey the information to the selectman, and the delivery of the message by them as notice given by the party himself.

ASSUMPSIT for services rendered in attending as a physician upon a pauper residing in the defendant town ; brought to the Court of Common Pleas of Fairfield County, and tried to the court, upon the general issue, before *De Forest, J.* Judgment for the plaintiff, and motion for a new trial by the defendants. The case is sufficiently stated in the opinion.

*J. Huntington,* in ·support of the motion, cited *Kent* v. *Chaplin,* 6 Conn., 72, and *Williams* v. *Inhabitants of Braintree,* 6 Cush., 399.

*J. A. Wilson,* contra.

PARDEE, J. On the 18th day of April, 1874, a locomotive engine crushed one of the legs of Perry Smith, an inhabitant of the defendant town. In consequence of this accident, being destitute of the means of support, he became dependent

and a pauper, and thus continued during the period covered by the plaintiff's account.

The plaintiff, a physician and surgeon of good standing in his profession, rendered professional services to Smith, at his request, on the day of the accident and for a period of five weeks thereafter. These services were essential to the preservation of Smith's life, and are the basis of this claim against the town.

After the first and before the second visit to Smith the plaintiff called at the house of Edwin Pierce, then one of the selectmen of the defendant town, and not finding him at home left notice with his wife and son, then at the house, that Smith was in the condition above described, and that he, the plaintiff, was attending him as a physician, and should look to the town for payment for his services; and that he had called for the purpose of notifying Pierce as a selectman, as required by law. This notice the wife and son communicated to Pierce upon the same day. The selectmen did not notify the plaintiff to discontinue his attendance upon Smith until the 8th day of May, 1874, nor prior to that time did they in any manner provide for Smith's support.

The statute (Rev. of 1866, tit. 50, sec. 21,) provides as follows: "No individual shall have any legal claim against a town for supplies or assistance furnished to a pauper against the express directions of the selectmen, nor before he has given notice of the condition of such pauper to one of the selectmen of the town where the pauper resides." The defendants insist that the plaintiff did not give to the selectman Pierce the notice herein required as a condition precedent to his right of recovery in this action.

In view of the purpose of the statute, the word "notice" is not to be considered as in any degree technical; it is equivalent to the words *information, intelligence,* or *knowledge*—words of common use and plain meaning, neither of which as applied to ordinary transactions between men is understood to import the highest degree of certainty. The statute can mean no more than this—that such knowledge or such information is to be brought home to the selectman in such manner

as would inspire belief and induce action on his part in matters of importance concerning his private affairs; and it is quite certain that if the information had called him to the protection of his own interests he would have given it full credence and a prompt response. And it is equally certain that numberless transactions between men, transactions involving important results, both personal and pecuniary, have been and hereafter will be based upon information given and received under circumstances no better calculated to produce conviction and consequent action, than were those under which the plaintiff's message came to the selectman; indeed, there is no suggestion in the case that he remained inactive in consequence of any doubt as to the truth of that message. We have then a message framed in compliance with the statute, and because the statute required it, and placed in the keeping of a second person with the intention of thereby bringing it to the knowledge of the selectman, and an actual reception thereof and belief therein by him. Upon these facts we think that he had notice within the meaning of the statute that the plaintiff was then rendering professional services to Smith and that he intended to hold the town responsible therefor.

Again, inasmuch as it is found that the plaintiff went to the house of Pierce solely for the purpose of giving the notice; that he told Mrs. Pierce and her son that he had come for that purpose; that he gave them a detailed narrative of the condition of Smith; told them the character of his services to him and of his claim upon the town; and that they promptly gave all this information to Pierce at his return upon the same day, we shall do no violence to the record if we hold that it thereby imports that the plaintiff made the wife and son his messengers to Pierce for communicating the notice, and that as such they performed the service.

A new trial is not advised.

In this opinion the other judges concurred.