September, 1880.
[Reversing 45 Super. Ct. (J. & S.) 197.]
Liability of Sureties on Receiver’s Bonds.—Effect on Sureties of Judgment against Principal.
A surety is not bound by a judgment or order against his principal, made in a proceeding to which the surety was not a party, unless the surety has so contracted explicitly.
Por this purpose, a bond, conditioned that the principal shall obey any order of the court, is enough to make such order conclusive on the surety; but under a condition merely that he “shall henceforth faithfully discharge the duties of his trust,” an order charging him with a balance, made upon an accounting to which the surety was not a party, and -which included a period antecedent to giving the bond, is not conclusive on the surety; but the surety is entitled to show that the liability occurred before the bond was given.* Scofield v. Churchill, 72 N. Y. 565,—distinguished.
*139 . Appeal from a judgment of the general term of the superior court of the city of New York, in favor of the plaintiff, entered upon an order denying the defendant’s motion for new trial, on exceptions ordered *140 to be heard in the first instance at general term, and directing judgment for plaintiff on verdict.
James J. Thomson, as receiver, &c., successor of Charles B,, Biker, sued Charles MacGregor, the surety-on the receiver’s bond given by Biker, to recover the balance of funds found to be in the hands of the receiver, Biker, on his final accounting, and not paid over to his successor, the plaintiff, as directed by the court.
The defendant interposed two defenses : 'l, that no breach had occurred since the execution of the bond; 2, that the receiver Biker had faithfully performed his duties since his appointment, and that the defendant was not a party to the accounting and not bound by it.
Plaintiff proved the principal’s failure to obey an order to pay over money, made by the court some time after the date of the bond, upon an accounting of which defendant had no notice ; and the trial court excluded all evidence offered by defendant to show that this accounting covered transactions during a considerable period antecedent to the date of the bond, and that the liability ascertained by the order arose during that period.
The Superior Qourt, at general term, held that the neglect of the receiver to pay according to the order of the court, which was competently made, and binding on him, was a failure to faithfully discharge his duty, and evidence of a breach of the bond for which the defendant was liable,—citing Douglass v. Howland, 24 Wend. 35; Jackson v. Griswold, 4 Hill, 531; Willey *141 v. Paulk, 6 Conn. 72 (Reported in 45 Super Ct. [J. & S.] 197).
Prom this decision the defendant appealed The Court of Appeals held as stated in the headnote.
A balance shown to have been due from the officer, when re-appointed, is presumed, but not conclusively, to have been then still in his hands; but his sureties may show that he was in fact already a defaulter when they became such. Bruce v. United States, 17 How. (U. S.) 437; United States v. Eckford, 17 Pet. 256.
See also, as to extent of such bonds, and evidence of principal’s default, Bank of Brighton v. Smith, 12 Allen, 243, 249; Union Savgs. Ass’n v. Edwards, 47 Mo. 445; Snell v. Allen, 1 Swan (Tenn.) 208; Dobbs v. Justices, &c., 17 Ga. 624, 630; 2 Whart. Ev. § 1212; Atlas Bank v. Brownell, 9 R. I. 168; S. C., 11 Am. R. 231; Commonwealth v. Kendig, 2 Penn. St. 448, 452; United States v. Cutter, 2 Curt. Circ. Ct. 617; Stetson v. City Bank, 2 Ohio St. 167, 177; Blair v. Perpetual Ins. Co., 10 Mo. 559, 567; Smith v. Whippingham. 6 C. & P. 78; Amherst Bank v. Root, 2 Metc. (Mass.) 522, 541; Parker v. State, 8 Black. 292; Bissell v. Saxton, 66 N. Y. 55; White v. East Saginaw, 10 Reporter, 497.
See also cases cited in Thomp. Liab. Off. and Ag. of Corp. 510-516, 536-540. See also Dayton v. Johnson, 69 N. Y. 419.
*140 When order of supreme court appointing a receiver, as to disposition of funds in his hands, must be obeyed whether correct or not. Clark v. Bininger, 75 N. Y. 344; modifying and affi’g 11 Super. Ct. (J. & S.) 126; Barr v. Titus, 75 N. Y. 344; modifying and affi’g 43 Super. Ct. (J. & S.) 344.