THE TOWN OF CANTON *vs.* THE TOWN OF BURLINGTON.

Hartford Dist., March T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR,
TORRANCE and FENN, Js.

A state pauper, residing in the town of *B*, and being old and in want, was
removed by a Catholic priest a few rods across the town line into the
town of *C*, to be taken care of in a family there, and soon after the
selectmen of the town of *B*, upon application of the priest, agreed to
pay a dollar and a half a week for his board there, believing the town
of *B* to be liable for his support. At the end of a year they discon-
tinued this payment, and the pauper was not further helped until three
years later, when the selectmen of the town of *C* furnished him sup-
plies. In a suit against the town of *B* for the amount of these sup-
plies, it was held—

1. That the furnishing help by the town of *B* after the pauper had gone
to reside in *C*, did not make *B* liable for his further support, it being in
effect only a voluntary act of *B*.

2. That it made no difference that the priest, in securing his board in a
family in *C*, did not intend to make any change in his residence. It
was the same as if he had gone there of his own accord and had there-
after voluntarily resided there.

3. That when he afterwards came to need relief in *C*, that town was bound
to furnish it.

[Argued March 1st—decided April 1st, 1892.]

ACTION to recover for supplies furnished to a pauper;
brought to the Court of Common Pleas of Hartford County,
and tried to the court before *Taintor, J.* Facts found and
judgment for the defendant, and appeal by the plaintiff.
The case is fully stated in the opinion.

*J. P. Andrews*, for the appellant.

*J. J. Jennings*, for the appellee.

SEYMOUR, J. This is an action to recover for the care
and support of Francis Naylan, a pauper, from June 26th,
1888, to December 4th, 1888. The finding is in part as
follows :—

Francis Naylan, the pauper in question, was an alien, and

Town of Canton v. Town of Burlington.

came from Ireland to this state about 1867 or 1868. From that time down to the death of his sister, Mrs. Parkinson, which occurred August 26th, 1884, he resided with her in the village of Collinsville, within the limits of the town of Burlington, except a few months in 1872 and 1873, when he was in New Haven, and a short period about the same time when he was boarding with a friend in Canton. He was never naturalized, and never became a citizen of the United States.

At the time of his sister's death Naylan was over seventy years old, unable to work, without means of support, and in need of relief; and after her death was living alone in the house.

Shortly after her death the Rev. Father Sheridan, to whose congregation Naylan belonged, arranged with a Mrs. McNamara to take Naylan to board, provided the town of Burlington would pay her the usual amount paid in such cases; and pursuant to that arrangement Naylan was removed to her house in the village of Collinsville, a few hundred yards distant from Mrs. Parkinson's, but within the limits of the town of Canton. This was done by Father Sheridan in good faith, without any intent to change the status of Naylan as a pauper, and under the belief that the town of Burlington was liable for his support, and would pay Mrs. McNamara as proposed.

No application for relief had been made to the town of Burlington up to the time when Naylan was so removed to Mrs. McNamara's house; but sometime afterwards, in the month of October, 1884, Father Sheridan applied to Gilbert H. Holcomb, one of the selectmen of that town, stating what Naylan's condition was, and that unless Burlington would support him at Mrs. McNamara's he would be brought back into the town.

At a meeting of the selectmen of Burlington, held October 27th, 1884, the matter was laid before them, with a claim that Naylan belonged to Burlington, and would be returned from Mrs. McNamara's unless assisted there, and they agreed to pay for his support at Mrs. McNamara's the

sum of one dollar and fifty cents per week; and the town of Burlington paid Mrs. McNamara for his support at the rate agreed upon, from October 16th, 1884, to October 23d, 1885, and after the latter date ceased to make any payments.

Naylan remained with Mrs. McNamara in the town of Canton continuously, and without calling on the town for assistance, until June, 1888, when he made application to the selectmen of the town for relief, which was furnished him, and on the 26th day of June, 1888, the selectmen gave the defendant town due notice of his condition, and that he was chargeable, as required by statute. Thereafter, till the beginning of this suit, Naylan was supported by the town of Canton.

At the time alleged in the complaint Naylan was a proper subject for help by the town of Canton, the supplies furnished were necessary, and the price charged therefor is reasonable. On December 5th, 1888, demand was made upon the defendant town for the amount of the claim as set forth in the record, but payment was refused, whereupon this action was brought. Upon these facts the plaintiff claimed "that although Naylan was at the house of Mrs. McNamara in the town of Canton when the application for relief was made to the town of Burlington, yet, under the circumstances, the latter town was then liable for his support;" the claim being that his residence in Canton was of such a nature and under such circumstances, when application was made for relief, that he was still really, and within the meaning of the statute, a resident of Burlington. And, as we understand from the record, the plaintiff based its claim for a judgment in this case upon the correctness of that claim.

By the law as it stood, and was construed by this court, when the application for relief was made, Naylan was then a state pauper. He had no settlement in any town in this state and was entitled to help from the state during the first six months of his pauperism, if it had been applied for. No such application was made, but he was supported by the town of Burlington, at Mrs. McNamara's, under an agreement to pay one dollar and fifty cents per week for his sup-

port. After a year Burlington ceased to make further payments for his support and he remained at her house without calling for or receiving aid from the town of Canton until June, 1888, when that town furnished him with necessaries which it now seeks to recover for in this suit.

As already stated, the plaintiff claims that Naylan made no legal change of residence in October, 1884, when he went to live at Mrs. McNamara's, but was still, in the eye of the law, a resident of Burlington.

If, as appeared probable upon the facts then found when this case was lately before this court, (58 Conn., 277,) application had been made to the selectmen of Burlington for Naylan's relief while he was yet in Burlington, and that town had thereupon agreed to pay for his support at Mrs. McNamara's, we should have little difficulty in holding that for the purposes of this case Naylan's residence still continued in Burlington.

But the facts as now found show that the latter town was not a party to the removal of Naylan. No application for his relief was made until some two months after his removal. There is nothing to indicate that he did not go voluntarily to live at Mrs. McNamara's nor that he has not remained there voluntarily ever since. The fact that the arrangement was made by Father Sheridan without any intent to change the status of the pauper cannot affect the result. We think the trial court was justified in holding, as it seems to be assumed it must have held in order to reach the conclusion arrived at, that Naylan had changed his residence when application was made for his relief; and therefore that it did not err in overruling the plaintiff's claim that, although Naylan was at Mrs. McNamara's house in Canton when the application for relief was made to the town of Burlington, yet under the circumstances the latter town was then liable for his support.

This conclusion renders it unnecessary to consider the second claim made by the plaintiffs.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.