HARTFORD HOSPITAL *vs.* TOWN OF GLASTONBURY.

First Judicial District, Hartford, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 16th—decided December 12th, 1930.

*Henry H. Hunt,* for the appellant (defendant).

*Arthur L. Shipman* and *Charles H. Walker,* for the appellee (plaintiff).

MALTBIE, J. This action is brought by the plaintiff to recover for hospital services rendered to Conrad Kessler, a pauper. Kessler was an elderly farmhand who had worked about in various towns, never staying long in any. He was first brought to the hospital in November, 1927, for treatment, from the town of East Hartford, remaining there until December 27th, 1927, and, while this action originally involved charges for services for this period, the bill for them was settled

by that town and is not in question upon this appeal. The services for which recovery is now sought began when Kessler was brought to the hospital on April 25th, 1928. On Monday, two days before, he came to the farm of John Kryger in Glastonbury to work. He worked Tuesday and until noon of Wednesday when he became ill and unable to see. Kryger sought advice as to what to do with him, took him to various places, and finally to the Hartford Hospital. Kessler was brought into the hospital upon a stretcher, his left extremities were almost completely paralyzed and he was in such a critical condition that immediate attention was vital. Treatment at a good hospital was the only humanitarian course that could be pursued. Some three or four days after his admission the social service department of the hospital informed the first selectman of the town of Glastonbury that there was a man in the hospital without funds, in need of attention, who had been brought there from that town and that the hospital looked to it for reimbursement. The trial court finds that this constituted seasonable and proper notice to the town. The first selectman thereupon made an investigation and disclaimed any liability on the part of the town.

The appellant seeks to have stricken out a number of paragraphs of the finding, but all of them, so far as material for the determination of the case, are supported by direct testimony or reasonable inferences. Section 1702 of the General Statutes begins as follows: "When a person not an inhabitant of the town in which he resides shall became poor and unable to support himself, the selectmen of such town shall furnish him with necessary support as soon as his condition shall come to their knowledge, and each selectman neglecting such duty shall be fined seven dollars." The object of this statute is to provide a way by which,

in case of need, a pauper who is actually within the limits of a town and falls into necessitous circumstances may be provided for, without a prior determination as to the town which ultimately will be liable, and the word "resides" is used in the statute in that sense. *New Milford* v. *Sherman,* 21 Conn. 101, 116; *Trumbull* v. *Moss,* 28 Conn. 253, 256; *Connecticut Hospital for Insane* v. *Brookfield,* 69 Conn. 1, 3, 36 Atl. 1017. When Kessler became ill and in need of medical treatment in the town of Glastonbury, it became the duty of the selectmen of that town to furnish him assistance and support. It is a part of the law of this State from ancient times that where a pauper is in need of relief and is neglected by the selectmen of a town an individual may furnish that relief and recover of the town; and to better define and limit this right the legislature enacted a law, now § 1701 of the General Statutes, which provides that the selectmen may remove paupers to such places as they may designate, to be supported there as they direct, and that no individual shall have any claim against the town for assistance furnished a pauper against the express directions of the selectmen, nor before he has given notice of the condition of such pauper to one of them. *Kent* v. *Chaplin,* 6 Conn. 72. Of the notice required in such a case we said in *Wile* v. *Southbury,* 43 Conn. 53, 54: "The statute can mean no more than this—that such knowledge or such information is to be brought home to the selectman in such manner as would inspire belief and induce action on his part in matters of importance concerning his private affairs; and it is quite certain that if the information had called him to the protection of his own interest he would have given it full credence and a prompt response." This test was met by the notice given in this case to the first selectman of the town, as is

evidenced by the fact that it led him to investigate the situation and definitely disclaim the liability of the town. That disclaimer, on the one hand, established the neglect of the town to provide for Kessler and, on the other, fell far short of an express direction to the plaintiff not to furnish him support and assistance. No claim is made that the trial court included in its judgment any services prior to the date of the notice to the selectmen.

There is no error.

In this opinion the other judges concurred.