HARTFORD HOSPITAL *vs.* TOWN OF BERLIN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 4th, 1931—decided January 26th, 1932.

*Bernard F. Gaffney* and *Cyril F. Gaffney,* for the appellant (defendant).

*Arthur L. Shipman,* with whom was *Arthur L. Shipman, Jr.,* for the appellee (plaintiff).

AVERY, J.   Jerome Leal, born in Georgetown, British Guiana, arrived at Fall River, Massachusetts, about December, 1920, where he remained until he came to Berlin, Connecticut, August 3d, 1925; and there obtained employment with the R. O. Clark Brick Company. He continued working for the company, boarding with Mrs. McKendrick in Berlin, until he fell sick April 22d, 1926. Dr. Hodgson, of Berlin, was called in attendance. He took Leal in an ambulance to the New Britain General Hospital May 2d, 1926, where the latter remained until November 25th of the same year. The doctor then removed Leal to his former boarding house in Berlin, where he remained until March 21st, 1927, when the doctor again removed him to Mrs. Starr's Nursing Home in New Britain, where he remained until May 26th, 1927. At that time, Dr. Jarvis was called in consultation and advised the removal of Leal to the Hartford Hospital, and he was taken there on that day by Dr. Hodgson, and registered as a patient.

January 11th, 1927, while staying at Mrs. McKendrick's in Berlin, Leal was awarded compensation by the commissioner for the first district in the sum of $4700 for injuries received while working for the Brick Company. In addition thereto, $350 was given to Dr. Hodgson for Leal's benefit by his employer, and he also had $80 in the bank. From the award, large fees were paid for various services, leaving the net amount received by Leal as $714.45, in addition to the $350 received from his employer, and the $80 which he had in the bank. These sums, with the exception of $80 in the bank, were held by Dr. Hodgson for Leal, and from them the doctor paid Leal's expenses at the hospital from May 26th to August 28th, 1927, when he notified the institution that he would no longer be responsible for Leal's expenses, and also that the latter had $80 in the bank. An order for the $80 was given by Leal to the hospital. Having no further funds he then became a pauper.

The Hartford Hospital thereafter continued to treat Leal as a patient, and attempted to collect from the town of Berlin. Up to this time, the officials of that town knew nothing of Leal or his condition.

The question in this case is whether the town of Berlin is responsible for the services rendered by the institution to Leal after August 28th, 1927. General Statutes, § 1713, provides: "Each town, through its selectmen, shall, unless such support shall be otherwise provided for by the state, furnish necessary support to all state paupers therein or sent from such town to any hospital in this state, and shall be reimbursed by the state therefor." Leal went to the hospital pursuant to the advice of the doctors and by arrangements made by Dr. Hodgson without any knowledge upon the part of the town of Berlin or any of its officers; and, at the time, he was possessed of property from

which his bills were paid until August 28th, 1927. He did not become a pauper until that date. When he left Berlin for the last time, March 21st, 1927, he had means or credit for his immediate wants or necessities, and was not then a pauper to be supported. *New Milford* v. *Sherman,* 21 Conn. 100, 111. He removed voluntarily to New Britain and thence to Hartford before he became a pauper. Berlin was thus freed from responsibility. *Canton* v. *Burlington,* 61 Conn. 589, 592, 24 Atl. 982. While in the Hartford Hospital on August 28th, 1927, his funds having become exhausted, he became a pauper for the first time; and being an alien, and so having no settlement in any town, he then became a state pauper. Being a state pauper and needing immediate relief, the town where he then was, or Hartford, was obligated to furnish it in the first instance. *Bethlehem* v. *Watertown,* 51 Conn. 490, 493; *Trumbull* v. *Moss,* 28 Conn. 253, 257.

There is error and the cause is remanded to the Court of Common Pleas with directions to enter judgment for the defendant.

In this opinion the other judges concurred.