THE WILLIAM W. BACKUS HOSPITAL, INC. *v.* CITY OF NORWICH

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 7—decided November 3, 1959

*Sabino P. Tamborra,* with whom, on the brief, was *Marvin M. Horwitz,* for the appellant (plaintiff).

*Orrin Carashick,* for the appellee (defendant).

*John Q. Tilson, Jr.,* with whom, on the brief, was *Ivan Husovsky,* as amicus curiae.

MELLITZ, J. This action was brought to recover payment of a bill, undisputed as to amount, for hospitalization, maintenance and support furnished by the plaintiff from July 28, 1955, until September 16, 1955, to Mrs. Mildred G. Bromley, a resident

and inhabitant of the city of Norwich. Immediately upon her admittance, the credit manager of the plaintiff interviewed her and ascertained that she did not know how she was going to pay for her hospitalization. She had a previous bill at the hospital which had not been paid. The credit manager thereupon notified the welfare department of the city of Norwich that the hospital was looking to the city for payment of Mrs. Bromley's bill. As a result, a Mrs. Hoffman, an agent of the welfare department, interviewed Mrs. Bromley, who refused to give the information requested of her. Because of this, no recommendation was made by Mrs. Hoffman with regard to payment of the bill, although she testified that she would have recommended payment by the city had the information revealed by Mrs. Bromley at the trial been available to her. Mrs. Bromley insisted that the obligation was her own and that she hoped at some future date to be able to pay it. The welfare department at no time concluded that she was a pauper. The city refused to pay the bill.

Before she entered the hospital, Mrs. Bromley owned no real estate and no personal property other than the clothes she was wearing and some work clothes. She was not able to work either steadily or full time because of ill health. After her discharge, she was again interviewed by Mrs. Hoffman with regard to payment of the bill and indicated to Mrs. Hoffman that she hoped to pay the bill some way or other. She informed the city and the hospital that she would pay the bill herself, and that she did not want the city to pay it. After her discharge, she was unemployed during the remainder of 1955. She supported herself thereafter by borrowing from friends and relatives to supplement her own earnings. At the time of trial in March, 1958, she had

been out of work for at least five months and was under medical care. She owed $300 to friends, in addition to her previous unpaid hospital bill. She offered to pay the plaintiff fifty cents per month toward the current bill, and three months after her release she sent the plaintiff $1, which was returned to her. She sent no other money to the plaintiff.

The amount of the bill in issue is $1277.50, and after the city refused to pay it, the plaintiff instituted this action. The court concluded that although Mrs. Bromley was without funds at the time of her admission to the hospital, was in need of hospitalization and was not able, then or in the immediate foreseeable future, to pay for hospital services, she was at no time a public charge, not having sought public assistance at any time. Accordingly, the court determined that the city was not liable for the bill.

The liability of the city to the plaintiff, if any, is purely statutory. *State* v. *Bristol,* 139 Conn. 469, 471, 95 A.2d 78. Section 17-273 of the 1958 Revision provides that "[a]ll persons who have not estate sufficient for their support, and have no relatives of sufficient ability who are obliged by law to support them, shall be provided for and supported at the expense of the town where they belong."[1] Section 17-274 imposes an obligation upon a town to "provide medical treatment . . . for all persons liable to be supported by [the] town when such persons are in need thereof." Section 17-284 provides that "no individual shall have any claim against a town for supplies or assistance furnished to a pauper against the express directions of the selectmen,

---

[1] We assume for present purposes that the statutes relating to the duties of towns apply to the defendant city. See Rev. 1958, § 17-272; 26 Spec. Laws 459, No. 573.

nor before he has given notice of the condition of such pauper to" the town. It is not disputed that when Mrs. Bromley was admitted to the hospital she lacked estate sufficient for her support and relatives of sufficient ability who were by law obliged to support her; that she was in need of medical treatment; that the services of the plaintiff to her were not furnished against the express direction of the city; and that the plaintiff gave prompt notice to the city of her condition. It thus appears that the statutory prerequisites for liability on the part of the city were present. The city asserts, however, that as a further condition of liability on its part there must have been a determination by it that Mrs. Bromley was a public charge or pauper, and that there must have been compliance by her with § 17-278 of the 1958 Revision, which provides that "[n]o person shall receive support from any town until he has made . . . a full disclosure of his financial condition."

The liability of the city to the plaintiff was not dependent upon a prior determination by the city that Mrs. Bromley was a public charge or pauper. The city points to the fact that she managed to provide for her needs before and after her hospitalization by working as much as she could and augmenting her earnings by assistance from friends, and that she never requested or received public assistance. The city cites the statement in *Weeks* v. *Mansfield,* 84 Conn. 544, 549, 80 A. 784, distinguishing between an indigent person and a pauper, in which it is said, regarding the latter: "One may be ever so destitute of estate or ability to earn a livelihood, and yet not be a pauper. He may be cared for by the voluntary action of friends or relatives. The duty to care for him may by law be cast upon

relatives. He becomes a member of the pauper class only when, other means of support failing, he becomes a public charge." Mrs. Bromley was in need of hospitalization, and she had no means of procuring hospital care except through public beneficence. Whatever assistance she may have had from friends at other times apparently was not available to her to help her defray the expense of her hospitalization. She qualified as a public charge for whom the city was required to provide hospitalization because she was in fact destitute, without means, credit, or prospect of paying for the care within a reasonable period, and she had no legally obligated relatives of sufficient means upon whom liability could be imposed. *Bridgewater* v. *Roxbury,* 54 Conn. 213, 222, 6 A. 415; *Hartford Hospital* v. *Berlin,* 114 Conn. 233, 236, 158 A. 236; *State* v. *Bristol,* 139 Conn. 469, 474, 95 A.2d 78.

Mrs. Bromley's insistence that the bill for her hospitalization was an obligation of her own and not one for the municipality is a refreshing commentary upon her character and sense of responsibility. But however commendable her motive, she could not, by her desire to avoid receiving public assistance, thrust upon the plaintiff the burden of providing her with the care of which she was in need, nor thwart, by refusing to co-operate and furnish the information sought from her, the plaintiff's right to recover payment from the city. The plaintiff having given the city timely notice that it looked to the city for payment, and the other conditions precedent to the liability of the city being present, the plaintiff's rights could not be affected by a lack of co-operation on Mrs. Bromley's part. *Hartford Hospital* v. *Glastonbury,* 112 Conn. 403, 406, 152 A. 576. The situation was not one where

Mrs. Bromley herself sought support from the city and could not receive it without complying with the provisions of § 17-278. The plaintiff's right of recovery remained unaffected by her failure to cooperate with the city, just as it would have been unaffected had she been physically incapable of cooperating during and after the period when the plaintiff rendered its services to her. When the city met with a refusal on Mrs. Bromley's part to provide the information sought, it took no action to absolve itself from liability by a direction to the plaintiff not to furnish her further assistance at city expense, although the city was on notice that the plaintiff looked to it for payment. *Hartford Hospital* v. *Glastonbury,* supra, 407.

Payment by the city does not, of course, relieve Mrs. Bromley of her obligation. She continues to remain liable for the relief she receives and for reimbursement to the city of the sums it is called upon to pay in her behalf. Rev. 1958, §§ 17-277, 17-283. If she has the capacity and willingness to do so in the future, she will not be deprived of the opportunity and satisfaction of discharging the obligation incurred for the hospital care furnished her by the plaintiff.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $1277.50, with interest.

In this opinion the other judges concurred.