THE UNIVERSITY OF CONNECTICUT *v.* THE CITY OF HARTFORD

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 93

Argued May 11—decided September 24, 1976

*Carl R. Ajello,* attorney general, and *John G. Hill, Jr.,* assistant attorney general, for the appellant (plaintiff).

*Anthony M. Tapogna,* assistant corporation counsel, for the appellee (defendant).

SPEZIALE, J. The plaintiff brought this action to recover the fair value of medical services rendered to a person whom the plaintiff claimed the defendant had an obligation to support under § 17-274[1] of the General Statutes. By way of special defense, the defendant contended that the plaintiff had not adequately complied with the statutory notice requirements. The trial court concluded that the plaintiff

---

[1] "[General Statutes] Sec. 17-274. MEDICAL TREATMENT. Each town shall provide medical treatment by one or more competent physicians for all persons liable to be supported by such town, when such persons are in need thereof, and each town shall furnish necessary hospitalization for all persons liable to be supported by such town or unable to pay for the same over a reasonable period of time; but no town shall provide such medical treatment or hospitalization by contract by auction to the lowest bidder. Any person receiving medical treatment or hospitalization hereunder shall make to the selectmen full disclosure of his financial condition as provided in section 17-278, but failure to make such disclosure shall not affect the obligation of such town to furnish medical treatment or hospitalization to any person otherwise eligible, if adequate information is made available to the town from other sources to indicate that such person is entitled to medical treatment or hospitalization hereunder. The physician or hospital shall comply with the notice provisions of section 17-284 giving information as to the name, address, age and financial status of such person within five business days of the beginning of treatment or hospitalization. If such notice is given within such five business days, the obligation of the town shall commence at the beginning of treatment or hospitalization; if such notice is not given within such five business days, the obligation of the town shall commence at the time of notice."

had failed to supply adequate financial information to the defendant within the meaning of § 17-274 and rendered judgment for the defendant. The plaintiff has appealed to this court.

The plaintiff operates the University-McCook Hospital in Hartford, Connecticut. The defendant, a municipal corporation of the state of Connecticut, is financially responsible under § 17-274 for the medical care and hospitalization of persons who are unable to pay for those services over a reasonable period of time. The principal issue[2] of this appeal is whether the trial court erred in concluding that the plaintiff had failed to provide adequate financial information to the defendant within the meaning of § 17-274.

The undisputed facts, as found by the trial court, may be summarized as follows: In October, 1973, a patient who resided in the defendant city was admitted to the plaintiff's facility where he received medical services valued at $2509.07. On October 29, 1973, the plaintiff's representative executed an "Application for Welfare Assistance," on forms prepared and supplied by the defendant, in connection with the medical services being provided the patient. As filled out, the application was incomplete because it failed to disclose certain essential information about the patient's financial condition, such as the identity or addresses of his father,

---

[2] The plaintiff has not pursued the first assignment of error in its brief and it is deemed abandoned. *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 399. We cannot review the plaintiff's second and third assignments which claim that the court erred in failing to reach certain conclusions. The plaintiff did not include any claims of law in its draft finding nor did it move to correct the court's finding, which did not recite any claims of law. The plaintiff's failure to take any action to include its claims of law in the record precludes review by this court since we are unable to determine whether those claims were made before the trial court. See Practice Book § 567C; *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 247–48; *Rifkin* v. *Rifkin,* 155 Conn. 7, 8–9.

mother, spouse, or dependents, whether he possessed a savings or checking account, and whether he was entitled to unemployment compensation.

The defendant received the application in question on October 30, 1973, and on November 1, 1973, mailed a letter to the patient's home asking him to make an appointment with the defendant's department of social services concerning the hospital charges. On November 12, 1973, a second letter was mailed advising the patient to appear on November 23, 1973, to discuss the hospital expenses. The patient never appeared although he had been discharged from the plaintiff's hospital on November 9, 1973. On December 3, 1973, the plaintiff was notified that the defendant would not accept the patient as a town charge because he "did not respond to scheduled appointment for eligibility interview."

The trial court concluded that, although the plaintiff was a medical institution with statutory authority to request support on behalf of the patient,[3] and although the plaintiff had filed a timely notice with the defendant under § 17-274, the plaintiff had failed to supply adequate financial information to the defendant within the meaning of § 17-274.

Chapter 308 of the General Statutes imposes liability upon towns for the support of persons who have "not estate sufficient for [their] support, and

[3] "[General Statutes, Rev. to 1975] Sec. 17-278. REQUEST FOR SUPPORT. DISCLOSURE BY APPLICANT. No person shall receive support from any town until he has made a written request therefor to the selectmen and a full disclosure of his financial condition which he has signed and sworn to, except that such written request, in the case of a person receiving hospital or medical care under the provisions of section 17-274, may be signed by the person or institution furnishing such care. Any person who makes a false statement as to such financial condition or in any way deceives such selectmen in relation thereto shall be subject to the penalty provided in section 17-282 and shall pay just damages to the town if it has sustained loss as a result of such deceit."

. . . no relatives of sufficient ability who are obliged by law to support [them] . . . ." General Statutes § 17-273. There is no liability for support until all of the statutory prerequisites are satisfied. *William W. Backus Hospital, Inc.* v. *Norwich,* 146 Conn. 686, 691. "A town is under no common-law obligation for the support of paupers. Its sole liability in this respect is imposed by statute, and it is not liable for a pauper's support any farther than statute makes it so." *State* v. *Bristol,* 139 Conn. 469, 471.

Under § 17-274 each town is obliged to provide medical treatment and hospitalization to those persons liable to be supported, on the condition that the town be given certain information by the patient and the person or institution rendering services. These independent requirements serve different purposes. Section 17-274 provides that compliance with the notice provisions of § 17-284[4] is a condition precedent to the right of the physician or hospital to recover against the town. See *Wile* v. *Southbury,* 43 Conn. 53, 55. The patient must also make full disclosure of his financial condition. Section 17-278 specifically states that "[n]o person shall receive support from any town" until he has complied with its provisions. In an exception under § 17-274, however, the patient's failure to make full disclosure of his financial condition pursuant to § 17-278 does not relieve the town of its obligation to furnish medical treatment or hospitalization "to any person otherwise eligible, if adequate information is made available to the town from other sources to indicate that such person is entitled to medical treatment or hospitalization hereunder."

---

[4] "[General Statutes] Sec. 17-284. CLAIMS FOR SUPPLIES OR ASSISTANCE FURNISHED TO PAUPER. No individual shall have any claim against a town for supplies or assistance furnished to a pauper against the express directions of the selectmen, nor before he has given notice of the condition of such pauper to one of the selectmen of the town where the pauper resides."

In the present case, the hospital, by submitting the "Application for Welfare Assistance" form, attempted to satisfy both requirements of § 17-274.[5] The trial court concluded that the application as filed constituted compliance with only the notice provisions of § 17-284 as incorporated in § 17-274. The plaintiff argues on this appeal that the form also contained adequate information to trigger § 17-274's exception to § 17-278 and that, since the submission of the form induced or should have induced the defendant to investigate the financial condition of the patient, there has been compliance with § 17-274. The cases upon which the plaintiff relies, however, are inapposite, for they involve the notice provisions of § 17-284 and its predecessors. *William W. Backus Hospital, Inc.* v. *Norwich,* 146 Conn. 686; *Hartford Hospital* v. *Glastonbury,* 112 Conn. 403; *Wile* v. *Southbury,* 43 Conn. 53. Furthermore, those cases were decided before the legislature amended § 17-274 by adding the word "made" in the phrase "if adequate information is made available to the town from other sources." 1971 Public Acts, No. 187. This appeal turns on the meaning of that phrase as amended.

"It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36; *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70. Where the legislative intent is clear there is

[5] The form contained the following recitals printed on it by the plaintiff: "This is our notice to you in compliance with Section 17-274 of Conn. General Statutes," and "In compliance with Section 17-278 of Conn. General Statutes, I certify that the above financial information is a disclosure of the patient's financial condition and hereby make application on his behalf for town aid." These bootstrapping recitals cannot bind the defendant in cases where the submitted form is incomplete or improperly filled out.

no room for statutory construction." *Hartford Hospital* v. *Hartford,* 160 Conn. 370, 375–76. The language of § 17-274 is clear and unequivocal. There is considerable difference between the phrase "if adequate information is available . . . from other sources" and the phrase "if adequate information is *made* available . . . from other sources." (Emphasis added.) The word "made" is directory, connoting "action, effort, or behavior with respect to something." Webster, New Third International Dictionary. The addition of that word clearly indicates a change in legislative intent.[6] See *Bahre* v. *Hogbloom,* 162 Conn. 549, 553.

If the patient fails to comply with § 17-278, then § 17-274, as amended, places a burden on the person or institution furnishing care to produce adequate financial information about the patient. A town has no obligation to provide medical treatment or hospitalization when there has been no request by the patient to the selectmen and no full disclosure of financial condition under § 17-278 or no adequate information "made" available to the town from other sources under § 17-274.

The trial court did not err in concluding that the plaintiff failed to make adequate information available to the defendant. Although the application which the plaintiff submitted to the defendant did indicate that the patient had no employer and was not earning a salary at the time of his admission to the hospital, unemployment alone does not establish eligibility for assistance under § 17-274. There was no information provided to the defendant from which it could be determined whether the patient had no estate sufficient for his support or

---

[6] Senator Ciarlone of the 10th district, the senate sponsor of the bill, commented before passage that "[t]his bill makes it mandatory that the hospital should make [information] available to the town . . . that the particular person is eligible for benefits." 14 S. Proc., 1971 Sess., pt. 3, p. 1242.

whether he or his relatives, who could be legally liable for his support, were unable to pay for his medical treatment and hospitalization.

There is no error.

In this opinion PARSKEY and D. SHEA, Js., concurred.