The plaintiff brought this action to recover the fair value of medical services rendered to a person whom the plaintiff claimed the defendant had an obligation to support under 17-274[1] of the General Statutes. By way of special defense, the defendant contended that the plaintiff had not adequately complied with the statutory notice requirements. The trial court concluded that the plaintiff *Page 762 
had failed to supply adequate financial information to the defendant within the meaning of 17-274 and rendered judgment for the defendant. The plaintiff has appealed to this court.
The plaintiff operates the University-McCook Hospital in Hartford, Connecticut. The defendant, a municipal corporation of the state of Connecticut, is financially responsible under 17-274 for the medical care and hospitalization of persons who are unable to pay for those services over a reasonable period of time. The principal issue[2] of this appeal is whether the trial court erred in concluding that the plaintiff had failed to provide adequate financial information to the defendant within the meaning of 17-274.
The undisputed facts, as found by the trial court, may be summarized as follows: In October, 1973, a patient who resided in the defendant city was admitted to the plaintiff's facility where he received medical services valued at $2509.07. On October 29, 1973, the plaintiff's representative executed an "Application for Welfare Assistance," on forms prepared and supplied by the defendant, in connection with the medical services being provided the patient. As filled out, the application was incomplete because it failed to disclose certain essential information about the patient's financial condition, such as the identity or addresses of his father, *Page 763 
mother, spouse, or dependents, whether he possessed a savings or checking account, and whether he was entitled to unemployment compensation.
The defendant received the application in question on October 30, 1973, and on November 1, 1973, mailed a letter to the patient's home asking him to make an appointment with the defendant's department of social services concerning the hospital charges. On November 12, 1973, a second letter was mailed advising the patient to appear on November 23, 1973, to discuss the hospital expenses. The patient never appeared although he had been discharged from the plaintiff's hospital on November 9, 1973. On December 3, 1973, the plaintiff was notified that the defendant would not accept the patient as a town charge because he "did not respond to scheduled appointment for eligibility interview."
The trial court concluded that, although the plaintiff was a medical institution with statutory authority to request support on behalf of the patient,[3] and although the plaintiff had filed a timely notice with the defendant under 17-274, the plaintiff had failed to supply adequate financial information to the defendant within the meaning of 17-274.
Chapter 308 of the General Statutes imposes liability upon towns for the support of persons who have "not estate sufficient for [their] support, and *Page 764 
. . . no relatives of sufficient ability who are obliged by law to support [them]. . . ." General Statutes 17-273. There is no liability for support until all of the statutory prerequisites are satisfied. William W. Backus Hospital, Inc. v. Norwich, 146 Conn. 686, 691. "A town is under no common-law obligation for the support of paupers. Its sole liability in this respect is imposed by statute, and it is not liable for a pauper's support any farther than statute makes it so." State v. Bristol, 139 Conn. 469, 471.
Under 17-274 each town is obliged to provide medical treatment and hospitalization to those persons liable to be supported, on the condition that the town be given certain information by the patient and the person or institution rendering services. These independent requirements serve different purposes. Section 17-274 provides that compliance with the notice provisions of 17-284[4]
is a condition precedent to the right of the physician or hospital to recover against the town. See Wile v. Southbury, 43 Conn. 53, 55. The patient must also make full disclosure of his financial condition. Section 17-278 specifically states that "[n]o person shall receive support from any town" until he has complied with its provisions. In an exception under 17-274, however, the patient's failure to make full disclosure of his financial condition pursuant to 17-278 does not relieve the town of its obligation to furnish medical treatment or hospitalization "to any person otherwise eligible, if adequate information is made available to the town from other sources to indicate that such person is entitled to medical treatment or hospitalization hereunder." *Page 765 
In the present case, the hospital, by submitting the "Application for Welfare Assistance" form, attempted to satisfy both requirements of 17-274.[5]
The trial court concluded that the application as filed constituted compliance with only the notice provisions of 17-284 as incorporated in 17-274. The plaintiff argues on this appeal that the form also contained adequate information to trigger 17-274's exception to 17-278 and that, since the submission of the form induced or should have induced the defendant to investigate the financial condition of the patient, there has been compliance with 17-274. The cases upon which the plaintiff relies, however, are inapposite, for they involve the notice provisions of 17-284 and its predecessors. William W. Backus Hospital, Inc. v. Norwich, 146 Conn. 686; Hartford Hospital v. Glastonbury, 112 Conn. 403; Wile v. Southbury,43 Conn. 53. Furthermore, those cases were decided before the legislature amended 17-274 by adding the word "made" in the phrase "if adequate information is made available to the town from other sources." 1971 Public Acts, No. 187. This appeal turns on the meaning of that phrase as amended.
"It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. Hurlbut v. Lemelin,155 Conn. 68, 73, 230 A.2d 36; Landry v. Personnel Appeal Board, 138 Conn. 445, 447, 86 A.2d 70. Where the legislative intent is clear there is *Page 766 
no room for statutory construction." Hartford Hospital v. Hartford, 160 Conn. 370, 375-76. The language of 17-274 is clear and unequivocal. There is considerable difference between the phrase "if adequate information is available . . . from other sources" and the phrase "if adequate information is made available . . . from other sources." (Emphasis added.) The word "made" is directory, connoting "action, effort, or behavior with respect to something." Webster, New Third International Dictionary. The addition of that word clearly indicates a change in legislative intent.[6] See Bahre v. Hogbloom, 162 Conn. 549,553.
If the patient fails to comply with 17-278, then 17-274, as amended, places a burden on the person or institution furnishing care to produce adequate financial information about the patient. A town has no obligation to provide medical treatment or hospitalization when there has been no request by the patient to the selectmen and no full disclosure of financial condition under 17-278 or no adequate information "made" available to the town from other sources under 17-274.
The trial court did not err in concluding that the plaintiff failed to make adequate information available to the defendant. Although the application which the plaintiff submitted to the defendant did indicate that the patient had no employer and was not earning a salary at the time of his admission to the hospital, unemployment alone does not establish eligibility for assistance under 17-274. There was no information provided to the defendant from which it could be determined whether the patient had no estate sufficient for his support or *Page 767 
whether he or his relatives, who could be legally liable for his support, were unable to pay for his medical treatment and hospitalization.
 There is no error.
In this opinion PARSKEY and D. SHEA, Js., concurred.