MIDDLESEX MEMORIAL HOSPITAL *v.*
TOWN OF NORTH HAVEN
(13097)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued November 13, 1987—decision released January 19, 1988

*Judith A. Ravel,* for the appellant (defendant).

*F. Jerome O'Malley,* with whom were *Thomas J. Riley* and, on the brief, *Robert D. Tobin,* for the appellee (plaintiff).

1

*Martin Rosenfeld,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the state as amicus curiae.

COVELLO, J. In this action the plaintiff, Middlesex Memorial Hospital, sought to recover from the defendant, the town of North Haven, reimbursement for medical services rendered to a resident of the town. The issue at trial was whether the resident was a person whom the town was obligated to support in accordance with General Statutes §§ 17-273[1] and 17-274.[2] The trial court found the defendant town liable for the medical care provided to the resident because the town had failed to prove her ineligible, and rendered judgment for the hospital to recover $7503.51.

On appeal, the town challenges the trial court's assignment to the town of the burden of proof to establish that a claimant for medical support does *not* meet the requirements of §§ 17-273 and 17-274. Under such a proposition, failure to meet this burden would render the town liable for support. We conclude, however, that the burden of establishing eligibility lies with the

---

[1] General Statutes § 17-273 provides in relevant part: "LIABILITY OF TOWN FOR SUPPORT. (a) Each person who has not estate sufficient for his support, and has no relatives of sufficient ability who are obliged by law to support him, shall be provided for and supported at the expense of the town in which he resides, except as otherwise provided in this section . . . ."

[2] General Statutes § 17-274 provides in part: "MEDICAL TREATMENT. (a) Each town shall provide medical treatment by one or more competent physicians for all persons receiving general assistance benefits from such town, or eligible to be supported by such town, or unable to pay for the same over a two-year period . . . . The ability of a person to pay for medical assistance over a two-year period shall be determined by a town in accordance with regulations adopted by the department of income maintenance in accordance with the provisions of chapter 54. Any person receiving medical treatment or hospitalization under this section shall make to the selectmen full disclosure of his financial condition as provided in section 17-278. Towns shall be liable for medical bills only for persons whose eligibility can be determined in accordance with the standards established pursuant to section 17-3a."

claimant. Accordingly, we find error and direct the trial court to render judgment for the town.

The parties stipulated that on November 19, 1984, Nancy Franco, a resident of North Haven, entered Middlesex Memorial Hospital. The admitting diagnosis was "depression/drug abuse." Within a twenty-one day period, she incurred charges totaling $7503.51.

On November 28, 1984, the hospital submitted to the town an application for town aid which the hospital had prepared and Franco had signed. The application disclosed that Franco was thirty, divorced, living with her parents, unemployed and had no income. It further disclosed, however, that she "was living off [a] settlement," owned a 1978 Peugeot and a 1974 Chevrolet Nova automobile, had checking and savings accounts totaling "about $200.00" and was the beneficiary of a Blue Cross Comprehensive Health Care Plan. Before signing the application, Franco, "[i]n compliance with section 17-273, 17-274 and 17-278 of Connecticut General Statutes, [certified] that the above financial information [was] a disclosure of [her] financial condition."

The claimant's uncertain economic status as depicted in the application never became much clearer. Franco failed to comply with repeated requests by the town to provide adequate financial information nor did she cooperate with the town's attempts to determine her eligibility. An investigation by the town, however, disclosed that the 1984 North Haven grand list indicated that Franco owned a 1984 Dodge assessed at $6020. The trial court concluded that "it would appear that the plaintiff [hospital] has performed all that it was required to do under the statutes to entitle it to payment from the defendant" and that "[u]nder the present format, the defendant Town had the burden to establish that the patient was not eligible." The town having failed to do so, the court rendered judgment for the plaintiff. We disagree that the town had such a burden.

General Statutes § 17-273 provides in relevant part that "[e]ach person who has not estate sufficient for his support, and has no relatives of sufficient ability who are obliged by law to support him, shall be provided for and supported at the expense of the town in which he resides . . . . When such person is in need of hospital . . . care, it shall be similarly provided subject to the provisions of section 17-274."

General Statutes § 17-274 provides in relevant part that "[e]ach town shall provide medical treatment . . . for all persons . . . unable to pay for the same over a two-year period . . . and each town shall furnish necessary hospitalization." This enactment further provides that "[t]he ability of a person to pay for medical assistance over a two-year period shall be determined by a town in accordance with regulations adopted by the department of income maintenance. . . ." Section 17-274-2[3] of the Regulations of Connecticut State Agencies sets forth specific acts that will constitute a reasonable effort by the town to determine eligibility.

General Statutes § 17-274 further provides that "[t]owns shall be liable for medical bills *only for persons whose eligibility can be determined* in accordance with the standards established pursuant to section 17-3a." (Emphasis added.) Section 17-3a (a) in turn

[3] Section 17-274-2 (b) of the Regulations of Connecticut State Agencies provides in relevant part: "Such local welfare official shall make a reasonable effort to obtain such information as is necessary to determine such person's eligibility. Reasonable effort may be demonstrated by but shall not be limited to the following:

"(1) A telephone call to the applicant for the purpose of making an appointment for an eligibility interview.

"(2) A certified letter to the applicant's last known address for the same purpose.

"(3) A check of available public records for the purpose of establishing the whereabouts of the individual so that an appointment as set forth above can be made. Such records shall include the local welfare official's own files, local land and tax records, Connecticut Motor Vehicle Department records, voter registration lists, etc."

directs the commissioner of income maintenance to adopt regulations "establishing mandatory standards for the granting of . . . medical assistance . . . by towns, including standards for investigation and eligibility . . . ."

It is evident that the statutes impose upon the towns not only the obligation to pay for necessary hospital care, but also the duty to carry out the required investigation to determine a claimant's eligibility. The regulations adopted pursuant to these statutes define the specific acts required of local officials to determine this eligibility. The duty to carry out the required investigation, however, does not shift the legal burden to the municipality to provide hospital care in the event that the required investigation fails to yield sufficient information for determining the applicant's eligibility.

" 'A town is under no common-law obligation for the support of paupers. Its sole liability in this respect is imposed by statute, and it is not liable for a pauper's support any farther than statute makes it so.' *State* v. *Bristol,* 139 Conn. 469, 471 [95 A.2d 78 (1953)]." *University of Connecticut* v. *Hartford,* 33 Conn. Sup. 760, 764, 371 A.2d 611 (1976). "There is no liability for support until all of the statutory prerequisites are satisfied. *William W. Backus Hospital, Inc.* v. *Norwich,* 146 Conn. 686, 691 [155 A.2d 916 (1959)]." Id.

Here, § 17-274 provides that "[t]owns shall be liable for medical bills *only for persons whose eligibility can be determined* in accordance with the [statutory] standards . . . ." (Emphasis added.) The statutory scheme requires that the town investigate and determine the statutory eligibility of a claimant furnished hospital care. If the person meets the statutory criteria, i.e., insufficient estate, no liable relatives, or inability to pay within two years, the town becomes liable for these services. Nowhere, however, does the language of the stat-

ute impose liability upon the town if the necessary eligibility cannot be determined.

There is error, the judgment is set aside and the matter is remanded to the trial court with direction to render judgment for the defendant.

In this opinion the other justices concurred.