[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter is an appeal from the denial of benefits (medical expense) to the appellant by the Commissioner of Income Maintenance in connection with which oral arguments were heard on December 21, 1990. Subsequent to the initial denial of her claim the appellant requested a Fair Hearing which was granted. Following a hearing before a Fair Hearing Officer (Ann Mattioli) the claim was again denied. It is from this decision that an appeal has been taken.
The appellant initially filed forms requesting money, food stamps and medical assistance in connection with her pregnancy, she being a single person. By form letter dated March 12, 1990, the appellee requested verification of certain information. Thereafter there was contact with the appellee and some information was furnished. On March 23, 1990 said appellee forwarded a second verification request to the appellant concerning program for which application was made, income and completion of answers to questions in the application. No response to said request was forthcoming with a resultant denial of benefits.
The Fair Hearing Officer made the following finding:
 The District denied the appellant's February 15, 1990 Title XIX application on April 4, 1990 for failure to submit required information.
 The District provided the appellant 10 days to submit information necessary to determine her eligibility for Title XIX.
 The District assisted the appellant to process her application.
 The appellant failed to establish eligibility within the applicable time limit.
 The appellant does not have good cause for not establishing eligibility.
It is imperative that the processing of claims be uniform. The contrary would result in chaos.
The findings and conclusions of the Fair Hearing Officer are CT Page 4361 supported by the record. The burden of establishing eligibility is on the applicant. Harrison v. Commissioner, 204 Conn. 672,679. Also See Middlesex Memorial Hospital v. Town of North Haven,206 Conn. 1.
Judicial review of an administrative agency's action is governed by the Uniform Administrative Procedure Act (See. 4-166-4-189 C.G.S.). The scope of that review is very restricted. This court may not retry the case or substitute its judgment for that of the Commissioner. Preston v. Connecticut Siting Council,20 Conn. App. 474, 484. The ultimate duty of the court is to determine whether, in light of the record, the Commissioner has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. New Haven v. Freedom of Information Commission,205 Conn. 767, 773. The Fair Hearing Officer was free to determine issues of credibility and the weight to be given to the testimony. Huck v. Inland Wetlands Watercourse Agency, 203 Conn. 525, 542.
There is nothing in the record to suggest that this matter was handled other than in a fundamentally fair manner. The Fair Hearing Officer was free to conclude that the appellant did not sustain her burden of proof as noted above with respect to eligibility. Her decision on the record passes muster under the applicable standards of review.
The appeal is dismissed.
JOHN C. FLANAGAN, JUDGE