[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
FACTS
The following is alleged in plaintiff's amended complaint:
Plaintiff provided medical services to Peter Schiels, an indigent resident or the Town of Manchester, Connecticut. Defendant Town is responsible for the medical expenses of this resident of its town pursuant to Connecticut General Statutes Section 17-273 and Section 17-274 et seq. Plaintiff has requested payment from defendant. Defendant has neglected and refused to pay plaintiff. Plaintiff seeks damages.
On February 28, 1991, defendant filed a motion to strike plaintiff's amended complaint on the ground that it fails to state a cause of action.
Both parties have filed memoranda of law.
DISCUSSION
A motion to strike may be filed to challenge the legal sufficiency of the allegations in a complaint. Connecticut Practice Book Section 152; Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). In ruling on a motion to strike, the CT Page 5648 court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must construe the facts in the complaint most favorably to the plaintiff. Id.
Every pleading "shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." Connecticut Practice Book Section 108. Allegations must be such as to fairly apprise the defendant of the facts which plaintiff intends to prove. Connecticut Practice Book Section 109; see also Somers v. Somers, 112 Conn. 364, 369
(1930).
"A town is under no common-law obligation for the support of paupers. Its sole liability in this respect is imposed by statute, and it is not liable for a pauper's support any farther than (the) statute makes it so." Middlesex Memorial Hospital v. North Haven, 206 Conn. 1, 5 (1988) (citations omitted). The "burden of establishing eligibility lies with the claimant." Id at 2-3.
"Each person who has no estate sufficient for his support, and has no relatives of sufficient ability who are obliged by law to support him, shall be provided for and supported at the expense of the town in which he resides, except as otherwise provided in this section. . . ." Connecticut General Statutes Section 17-273 (a) (rev'd to 1991).
 Each town shall provide medically necessary services by one or more competent physicians for all persons receiving general assistance benefits from such town, or eligible to be supported by such town, or unable to pay for the same over a two-year period, when such persons are in need thereof, and each town shall furnish necessary hospitalization, in accordance with Section 17-292g. . . ."
Connecticut General Statutes Section 17-274 (a) (rev'd to 1991).
It is the duty of the town to "investigate and determine the statutory eligibility of a claimant furnished hospital care." Middlesex Memorial, 206 Conn. at 5, citing Connecticut General Statutes Section 17-274; see also Griffin Hospital v. City of Ansonia, 4 CSCR 766 (September 26, 1989, Curran, J.).
Defendant claims that plaintiff has failed to plead CT Page 5649 the specific provisions of Connecticut General Statutes Sections 17-273 (a) and 274(a), i.e., that the patient had no estate sufficient for his support, no legally liable relatives, etc. Defendant further argues that these omissions are fatal to the plaintiff's amended complaint, and that it therefore does not state a cause of action.
Plaintiff argues that having pled that ". . .the defendant Town is responsible for the medical expenses of the patient pursuant to Sections 17-273, 17-274, et seq., it has sufficiently apprised defendant of the basis of this action. See Practice Book Section 109A.
In Griffin Hospital v. City of Ansonia, 4 CSCR 766
(September 26, 1989, Curran, J.), the court was faced with a similar challenge. The plaintiff in Griffin Hospital cited Connecticut General Statutes Section 17-273 and Section 17-274 as the statutory grounds upon which it sought relief, and defendant argued that plaintiff failed to allege that the individual who received the medical care met the statutory criteria. The court held that by specifically enumerating the statutory grounds upon which it sought relief, i.e., Connecticut General Statutes Sections 17-273 and 17-274, the plaintiff's complaint was such "as fairly to apprise the adverse party of the state of facts which it is intended to prove." Griffin Hospital, 4 CSCR 766. This Court finds the reasoning in Griffin persuasive, as the defendant is made aware of the specific grounds upon which the plaintiff seeks recovery.
The motion to strike is denied.
TELLER, J.